EXHIBIT 1

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV001372**
**3/2/2022 11:31 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** __FULTON__ **County**

| For Clerk Use Only |
|---|
| **Date Filed** _____ **Case Number** _____ |
| **MM-DD-YYYY** |

| Plaintiff(s) | Defendant(s) |
|---|---|
| Render, Quintavius | Radiant Property Management, LLC |
| Last          First          Middle I.    Suffix    Prefix | Last          First          Middle I.    Suffix    Prefix |
| Ross, Amir | |
| Last          First          Middle I.    Suffix    Prefix | Last          First          Middle I.    Suffix    Prefix |
| Scott, Deuntae | |
| Last          First          Middle I.    Suffix    Prefix | Last          First          Middle I.    Suffix    Prefix |
| Williams, Lorenzo | |
| Last          First          Middle I.    Suffix    Prefix | Last          First          Middle I.    Suffix    Prefix |

**Plaintiff's Attorney** __Andrew J. Brandt__     **State Bar Number** __962436__     **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

| General Civil Cases | |
|---|---|
| ☐ | Automobile Tort |
| ☐ | Civil Appeal |
| ☐ | Contempt/Modification/Other Post-Judgment |
| ☐ | Contract |
| ☐ | Garnishment |
| ☒ | General Tort |
| ☐ | Habeas Corpus |
| ☐ | Injunction/Mandamus/Other Writ |
| ☐ | Landlord/Tenant |
| ☐ | Medical Malpractice Tort |
| ☐ | Product Liability Tort |
| ☐ | Real Property |
| ☐ | Restraining Petition |
| ☐ | Other General Civil |

| Domestic Relations Cases | |
|---|---|
| ☐ | Adoption |
| ☐ | Contempt |
| | ☐ Non-payment of child support, medical support, or alimony |
| ☐ | Dissolution/Divorce/Separate Maintenance/Alimony |
| ☐ | Family Violence Petition |
| ☐ | Modification |
| | ☐ Custody/Parenting Time/Visitation |
| ☐ | Paternity/Legitimation |
| ☐ | Support – IV-D |
| ☐ | Support – Private (non-IV-D) |
| ☐ | Other Domestic Relations |

☐   Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
        **Case Number**                        **Case Number**

☒   I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐   Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____   **Language(s) Required**

☐   Do you or your client need any disability accommodations? If so, please describe the accommodation request.

State Court of Fulton County
**E-FILED**
22EV001372
3/2/2022 11:31 AM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

CIVIL ACTION FILE #: _____

Quintavius Render, et al c/o Andrew J. Brandt
_____
563 Spring Street, NW
_____
Atlanta        GA        30308
_____
Plaintiff's Name, Address, City, State, Zip Code

vs.

Radiant Property Management, LLC
_____
c/o RA: Michael Wieder, 691 Elizabeth Ave,  #2
_____
Newark        NJ        07112
_____
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Andrew J. Brandt
_____
Address: 563 Spring Street, NW
_____
City, State, Zip Code: Atlanta, GA 30308        Phone No.: 404-255-4448

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

***SERVICE INFORMATION:***

Served, this _____ day of _____, 20_____.        _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.        _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV001372
3/2/2022 11:31 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

QUINTAVIUS RENDER, AMIR ROSS,   )
DEUNTAE SCOTT, and LORENZO WILLIAMS,   )
   )
   Plaintiff,   )   Civil Action File No.
   )
v.   )   _____
   )
RADIANT PROPERTY MANAGEMENT LLC,   )
   )
   Defendant.   )

## COMPLAINT

COMES NOW Plaintiffs Quintavius Render, Amir Ross, Deuntae Scott and Lorenzo Williams (hereinafter "Plaintiffs") in the above-styled action, and hereby files this Complaint for Damages against Defendant Radiant Property Management LLC as follows:

1.

Defendant Radiant Property Management LLC (hereinafter "Defendant" and/or "Defendant Radiant Property Management LLC") is a foreign limited liability company subject to the jurisdiction and venue of this Court. Service can be made on said Defendant by serving its Registered Agent as follows: Michael Wieder, 691 Elizabeth Avenue, #2, Newark , NJ, 07112.

2.

Defendant Radiant Property Management LLC did business as, and/or managed and/or owned an apartment complex known as the Freedom Park Apartments (hereinafter "the apartments" and/or "Freedom Park Apartments" and/or "the Premises"), where the incident which is the subject of this Complaint occurred and did so throughout October 11, 2021.

3.

Service is proper as to Defendant Radiant Property Management LLC.

4.

Jurisdiction is proper as to Defendant Radiant Property Management LLC.

5.

Venue is proper as to Defendant Radiant Property Management LLC.

6.

Defendant owned, managed and occupied the apartment complex known as Freedom Park Apartments located at 4900 Delano Road, Atlanta, Fulton County, Georgia 30349 at all times set forth throughout this Complaint.

7.

At all times herein, Defendant owned, operated, controlled and/or managed the Premises.

8.

At the time of the incident at issue, Defendant had ownership, managerial, or other similar responsibilities and duties, via statute and/or contract, which included maintenance, security, repairs, and inspection of the Premises in ensuring that it was maintained in a safe condition for use by persons and invitees, including Plaintiffs.  Defendant's duties included ensuring the Premises remained in a safe condition. Defendant's duties included ensuring the Premises remained in a safe condition for Plaintiffs pursuant to O.C.G.A. §51-3-1 by their control, occupancy, ownership, or management or delegation thereof.

9.

On October 11, 2021, Plaintiffs were invitees of the Freedom Park Apartments located at 4900 Delano Road, Atlanta, Georgia 30349.

10.

On October 11, 2021, while at the apartments, Plaintiffs were victims of aggravated assault, aggravated battery and shooting.

11.

The criminal assailants involved in shooting Plaintiffs have not been apprehended nor has any adjudication occurred as it relates to any person or persons involved in Plaintiffs' attack and shooting.

12.

Plaintiffs exercised ordinary care and diligence at all times herein and under the circumstances then existing.

13.

Defendant breached their duties owed to Plaintiffs by failing to exercise ordinary care to keep the Premises safe.

14.

Prior to and on October 11, 2021, the Premises was negligently maintained, inspected, secured, patrolled and managed.  Defendant had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol and manage said Premises but failed to exercise ordinary care to do so.

15.

Defendant had actual and constructive knowledge prior to the attack on Plaintiffs that the security was inadequate at Defendant's Premises and created a dangerous condition for Defendant's tenants and invitees.  Defendant negligently failed to implement appropriate security measures at the Premises prior to the incident at issue.

16.

Defendant had actual and constructive knowledge of criminal activity existing on and around the Premises prior to the attack on Plaintiffs.  Said prior criminal activity was negligently permitted to exist and remain at said Premises.

17.

Defendant negligently failed to warn its residents and invitees, including Plaintiffs, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

18.

Defendant negligently failed to maintain adequate security devices to permit proper use of the Premises, thereby causing an unreasonable risk of injury to its residents and invitees, including Plaintiffs.

19.

At all times mentioned herein, Defendant controlled the management of the Premises and had the legal duty to keep the Premises in a state consistent with the due regard of the safety of its residents and invitees, including Plaintiffs.  Defendant breached said duties to Plaintiffs and failed to act as similarly situated businesses in like circumstances.

20.

Defendant were negligent in failing to maintain, inspect, secure, patrol and manage the Premises at issue, thereby creating an unreasonable risk of injury to its residents and invitees, including Plaintiffs.

21.

Defendant knew of, or with the exercise of due care for the safety of residents and invitees should have known, of the dangerous and hazardous conditions existing on the Premises

and the failure to maintain, inspect, secure, patrol and manage the Premises and that said conditions were likely to result in the injuries suffered by Plaintiffs.

22.

Defendant were and are negligent per se.

23.

Defendant had actual knowledge of the dangerous and hazardous conditions existing at the Premises due to the direct knowledge of its employees and agents.

24.

Defendant had constructive knowledge of the dangerous and hazardous conditions existing on the Premises through the knowledge of its employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

25.

Defendant negligently failed to maintain a policy, procedure or system of investigating, reporting and warning of the aforementioned criminal activity and negligently maintained the Premises.

26.

Because Defendant had knowledge of, or in the exercise of reasonable care, should have had knowledge of the dangerous environment of the Premises, Defendant are liable for the negligent supervision, hiring, training, and retention of its employees, agents, and apparent agent/employees and the entrustment of said property to its agents and employees. Said negligence was a proximate cause of the damages and injuries to Plaintiffs.

27.

Defendant negligently and/or intentionally represented to its residents and invitees, including Plaintiffs, that the Premises at issue was properly maintained, safe and secure.

28.

Defendant negligently failed and contractually breached its duties to provide security protection, security personnel, deterrence, and/or an outside security presence on the Premises.

29.

Defendant negligently failed to act on its knowledge of prior crimes, and failed to act to correct, prevent, or warn of prior criminal activity, loitering, trespassing, and the dangerous environment of said Premises.

30.

Defendant failed to take appropriate action to remedy or reduce the danger to its residents and invitees, including Plaintiff, and allowed the dangerous environment on the subject Premises to continue to exist unabated, thereby creating a nuisance.

31.

Defendant's negligence was the cause in fact and a proximate cause of Plaintiffs' injuries.

32.

Defendant made representations and accepted a duty to provide security necessary to prevent the attack which occurred on or about October 11, 2021.

33.

Defendant breached their duty to provide adequate security to prevent the incident at issue.

34.

Plaintiffs state their intention to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law regarding the incident at issue, the injuries to Plaintiffs and the damages resulting from both, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted including, but not limited to:

a)      Personal injuries;

b)      Past, present and future pain and suffering;

c)      Mental anguish;

d)      Loss of the capacity for the enjoyment of life;

e)      Impaired ability to labor;

f)      Incidental expenses;

g)      Loss of earning capacity;

h)      Past, present and future medical expenses;

i)      Past, present and future lost wages;

j)      Permanent injuries; and

k)      Consequential damages to be proven at trial.

35.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of Defendant and or all above stated acts were the proximate causes of the injuries to Plaintiffs.   Defendant are liable for Plaintiffs' injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

36.

Plaintiffs are entitled to an award of punitive damages, without limitation or cap, because the actions of Defendant and their agents and employees showed willful misconduct, malice, fraud, wantonness, oppression, and an entire want of care, which would raise the presumption of a conscious indifference to consequences and/or a specific intent to cause harm.  Defendant are on notice of the claim for punitive damages.

37.

Because Defendant's actions were and are stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense, Plaintiffs are entitled to recover the necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action. (O.C.G.A. § 13-6-11).   Furthermore, Plaintiffs are entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

WHEREFORE, Plaintiffs pray that:

a)      Process issue and the Defendant be served as provided by law;

b)      Plaintiffs have trial by jury;

c)      Plaintiffs be awarded general, special, compensatory, incidental, consequential, punitive and all other permissible damages in accordance with the enlightened conscience of an impartial jury;

d)      For attorney's fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

e)      Plaintiffs be awarded interest and costs; and

f)      Plaintiffs be awarded such other and further relief as this Court deems just and proper and permitted under Georgia law.

TRIAL BY JURY IS HEREBY DEMANDED.

Respectfully submitted this March 2, 2022.

**JAMES A. RICE, JR., P.C.**

*/s/ Andrew J. Brandt*
Andrew J. Brandt
Georgia Bar Number 962436
Attorney for Plaintiffs

**JAMES A. RICE, JR., P.C.**
563 Spring Street, NW
Atlanta, GA  30308
(404) 255-4448

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV001372**
**3/2/2022 11:31 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

QUINTAVIUS RENDER, AMIR ROSS,           )
DEUNTAE SCOTT, and LORENZO WILLIAMS,    )
                                        )
      Plaintiff,                        )          Civil Action File No.
                                        )
v.                                      )          _____
                                        )
RADIANT PROPERTY MANAGEMENT LLC,        )
                                        )
      Defendant.                        )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiffs Quintavius Render, Amir Ross, Deuntae Scott and Lorenzo Williams

(hereinafter "Plaintiffs") and serves upon Defendant this Request for Admissions, pursuant to

O.C.G.A. § 9-11-36, with Georgia law dictating that <u>EACH</u> Defendant must provide a written

reply admitting or denying <u>each portion</u> of the following Requests for Admissions within forty-

five (45) days of service thereof.

## DEFINITIONS AND INSTRUCTIONS

A.    These requests shall be deemed continuing to the extent permitted by O.C.G.A. §

9-11-26, et seq., so as to require Defendant(s) to serve upon all parties supplemental answers if

Defendant(s) or its attorneys obtain further information between the time the answers are served

and the time of trial.

B.    "Document", whether singular or plural, means documents and other tangible

things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include

without limitation originals or, if such are not available, true copies, including copies of

documents, videotapes, computer data, and sound material.

C.    "Person" means any natural person, corporation, partnership, association,

governmental entity, agency, group, organization, etc.

D.    "Plaintiffs" are Quintavius Render, Amir Ross, Deuntae Scott and Lorenzo Williams (hereinafter "Plaintiffs")      .

E.    "Defendant" is interchangeably used with "you" and "your" as to the specific Defendant to whom the Interrogatories are directed.

F.    The "incident" is the shooting incident at Freedom Park Apartments located in Fulton County, Georgia, as set forth in Plaintiff's Complaint against Defendant.

G.    The "premises" is Fulton County in Georgia where Plaintiff was shot.

H.    The "shooting" is used interchangeably with the "incident."

## REQUEST FOR ADMISSIONS

1.

Venue is proper in the county referenced above as to you.

2.

Jurisdiction is proper in the State Court as set forth above as to you.

3.

Service of process is proper and sufficient as to you.

4.

At the time of the incident set forth within Plaintiffs' Complaint, Plaintiffs were an invitee as it relates to you.

5.

On October 11, 2021, during the incident set forth in Plaintiffs' Complaint, you owed the Plaintiffs a legal duty.

6.

On October 11, 2021, Plaintiffs suffered injuries when they were assaulted at Freedom Park Apartments, LLC.

7.

As a result of the incident described within Plaintiffs' Complaint, Plaintiffs have incurred pain and suffering.

8.

The medical bills incurred by Plaintiffs as a result of her injuries when they were assaulted at Freedom Park Apartments on October 11, 2021, were reasonable and necessary medical and healthcare bills.

9.

You owned the Freedom Park Apartments on October 11, 2021, where the incident described in Plaintiffs' Complaint occurred.

10.

You were the management company for Freedom Park Apartments on October 11, 2021, where the incident described in Plaintiffs' Complaint occurred.

11.

You controlled the Freedom Park Apartments on October 11, 2021, where the incident described in Plaintiffs' Complaint occurred.

12.

You maintained the Freedom Park Apartments on October 11, 2021, where the incident described in Plaintiffs' Complaint occurred.

13.

Plaintiff was not negligent as it relates to the incident set forth within Plaintiff's Complaint.

14.

You are a proper party to this lawsuit.

15.

You have been correctly named in the present cause of action insofar as the legal designation of names is concerned.

16.

Plaintiffs has not failed to join a proper party under O.C.G.A. § 9-11-19.

17.

Plaintiffs states a claim upon which relief can be granted.

18.

There was no management company for the Freedom Park Apartments on October 11, 2021.

19.

You were the only owner of Freedom Park Apartment on October 11, 2021.

20.

You were the only management company for the Freedom Park Apartments on October 11, 2021.

21.

You accept liability for the incident which is the subject of Plaintiff's Complaint.

22.

You were the only entity responsible for the safety of the residents at Freedom Park Apartments on October 11, 2021.

23.

Your registered agent is located in Fulton County.

*Signature on Next Page*

Respectfully submitted this 2nd day of March 2022.

**JAMES A. RICE, JR., P.C.**

*/s/ Andrew J. Brandt*
Andrew J. Brandt, Esq
Georgia State Bar No. 962436
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

State Court of Fulton County
**E-FILED**
22EV001372
3/2/2022 11:31 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

QUINTAVIUS RENDER, AMIR ROSS,  )
DEUNTAE SCOTT, and LORENZO WILLIAMS,  )
                    )
     Plaintiffs,  )     Civil Action File No.
                    )
v.                     )     _____
                    )
RADIANT PROPERTY MANAGEMENT LLC,  )
                    )
     Defendant.  )

## PLAINTIFFS'S FIRST INTERROGATORIES TO EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-26 *et seq*., Plaintiffs hereby requests that EACH Defendant respond in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiffs at James A. Rice, Jr., P.C., 563 Spring Street NW, Atlanta, Georgia 30308.

## DEFINITIONS AND INSTRUCTIONS

A.  These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq*., so as to require Defendant(s) to serve upon all parties supplemental answers if Defendant(s) or its attorneys obtain further information between the time the answers are served and the time of trial.

B.  "Document," whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.  "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

## INTERROGATORIES

1.

Please identify the person(s) who owned, managed and were in control, at the time of the occurrence alleged in the Complaint, the premises referred to in the Complaint where the incident involving Plaintiffs occurred.  If the ownership, management, control, or maintenance changed at any time since said occurrence, please identify every subsequent person or entity.

2.

Please state whether Defendant have received any complaints or notice of any nature regarding security problems or criminal activity at Freedom Park Apartments, LLC prior to the incident at issue in this case.  If so, please state the substance, dates and people involved in any such complaints or notice.

3.

In the past five (5) years, has Freedom Park Apartments, LLC had any complaints or incidents of rape, attempted rape, burglary, assault, and/or battery, forced entry into an apartment, or any violent crimes on the premises?  If you answer yes, for each such occurrence please state the nature of the occurrence; the date of the occurrence; the individuals involved; how you became aware of the incident; whether any legal suit arose out of it and the outcome of such claims, if any; and what your company did to remedy the situation.

4.

Please state what, if any, knowledge Defendant had prior to the incident complained of regarding any crimes on the premises of the apartment complex in question within the five (5) years before October 11, 2021.

5.

Please identify when Plaintiffs entered into a lease with Freedom Park Apartments, LLC, the duration of the lease, all renewals, and any documentation that was provided to Plaintiffs at the time she leased the apartment.

6.

Please identify the person(s) who investigated the attack on Plaintiffs after the incident on the day in question, the nature of the investigation, and the results of said investigation.

7.

Please identify any insurance company which may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, state the policy number for each such policy and the limits of liability coverage for each policy of insurance which may be applicable to pay part or all of a judgment rendered versus the Defendant.

8.

State the names and addresses of any persons, employees, witnesses or independent contractors at the apartment complex at issue of at the time of the subject incident and within one hour prior to it and one hour after it.

9.

What, if anything, was done by Defendant in an attempt to avoid the incident complained of or other instances of criminal activity?

10.

Please describe how you contend the occurrence complained of in this action happened, giving all of the events in detail and in the order in which they occurred, before, at the time of,

and after the occurrence, which had any bearing on the cause or manner of the happening of this occurrence.

11.

Please state the names, addresses, telephone numbers and places of employment of all persons known to you, either from your own investigation or from any investigation made on your behalf:

    (a)    who may have seen any part of the occurrence complained of; or who may have or claim to have arrived at the scene of the occurrence complained of immediately or shortly after its happening;

    (b)    who have any knowledge regarding the facts or circumstances surrounding the happening of the incident complained of.

12.

Please state the factual basis for each defense or denial raised in your Answer and identify specifically each and every statute, ordinance, regulation, rule, code or industry standard of any kind which you, your expert or other witness will rely upon in support of any of your defenses in this lawsuit.

13.

Please state the names, residence and business addresses and business telephone numbers, of all persons whom you expect to call or may call as expert witnesses at trial.  With respect to each person, state:

    (a)    the specific subject matter on which you expect such expert to testify;

    (b)    the substance of the facts, opinions and conclusions which you expect such expert to testify;

(c)     the grounds for each such opinion or conclusion;

(d)     whether any of such persons have prepared or provided you with a written or
        recorded statement, or report concerning their investigation or study, or the facts
        found by them, or the conclusions or opinions arrived at by them or the grounds
        of their opinions or conclusions.  If so, state the date of each such report or
        statement, and the names and addresses of all persons who have a copy of such
        report or statement; and

(e)     the name, business telephone number and business address, of each person you
        retained or specially employed in the anticipation of litigation or preparation for
        trial whom you do not expect to call as a witness at the trial of the case.

14.

As to each statement or report, written, taped or otherwise, which has been made by any
person concerning the occurrence complained of, please describe each such statement or report,
giving as to each such statement or report the name of the person giving such statement or report,
the date of same, and the present location of such statement or report or any copy hereof.

15.

If you, your attorney, your insurance carrier or anyone acting on your or their behalf,
have or know of any photographs, motion pictures, maps, drawings, diagrams, measurements,
surveys or other descriptions concerning the events and happenings alleged in the Complaint,
scene of the incident, the area, or persons involved, as to each such item, please identify or
produce such document(s) and state:

(a)     what each such item purports to show, illustrate or represent;

(b)     the date it was made or taken and by whom; and

(c)      the name and address of the person having custody of such item.

16.

Please list the names, addresses, phone numbers, and job titles of every individual employed to work at Freedom Park Apartments, LLC on October 11, 2021.

17.

Please describe the October 11, 2021 security plan that Defendant had for the apartment complex in question, including but not limited to the number of security employees at the time of the incident complained of, the names and addresses of those employees, the shift schedules, system of patrol, the duties of the security personnel, system of stationing security personnel, and policies or plan used by the security personnel when a security complaint is received.

18.

Please describe the reporting and investigative practices for security complaints or criminal activity at the apartment complex in question, including but not limited to how such complaints are reported and who is responsible for reviewing complaints.

19.

Please state whether any agent or employee of Defendant has ever called the police regarding criminal activity or a complaint and/or disturbance at the apartment complex at issue. If so, please state the date of the call, the date of the incident complained of, the caller, the location of the incident, the circumstances of the incident, and the names and addresses of all individuals involved with such incident.

20.

Please identify each management level employee employed by Freedom Park
Apartments, LLC from October 10, 2006 to October 11, 2021.  For each such person please state
the following:

 (a)  the present name, address, and phone number;

 (b)  the management level of that employee;

 (c)  whether these individuals are still employed at the apartments;

 (d)  where that person is presently employed; and

 (e)  the present work address and phone number.

21.

Please explain what, if any, security prevention or related security training all employees
at Freedom Park Apartments, LLC received within the course of their employment.

22.

Please describe each and every warning that you claim was provided to Plaintiffs
regarding any danger associated with the premises or vicinity of the premises.

23.

Please identify any changes that were implemented or made as a result of the incident
forming the basis of Plaintiffs' Complaint.

24.

Please identify all persons who have in any way investigated the claims made in this
lawsuit, and whether each has made a written record of the investigation, and state the substance
or result of their investigation.

25.

Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiffs, or any other person or entity, did or failed to do which in any way contributed to the subject occurrence and/or any of Plaintiffs' injuries

26.

Please identify with specificity all civil claims or complaints made against you or to the apartment complex at issue, either before or after the incident that is the subject matter of this litigation, including the date, time and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries and property damage, if any, claimed in such incident; a short description of how the incident occurred, and whether suit was filed.

27.

State the substance of each conversation you had with Plaintiffs at the time of or at any time following the occurrence giving rise to this lawsuit, or any statement that you claim was a statement made by Plaintiffs or Plaintiffs' agents.

28.

If you deny that Plaintiffs suffered injuries and damages in the incident which is the subject of her Complaint, state all facts supporting your denial that Plaintiffs was injured and suffered damages.

29.

Please identify all potential parties, individuals, entities or other person that you contend are indispensable parties or that would be liable for any judgment obtained by Plaintiffs in this action.

30.

Please state whether you have attempted to survey or observe Plaintiffs at any time after the incident forming the basis of Plaintiffs' Complaint, and state whether any video tapes or pictures were taken of Plaintiffs, the date(s) surveillance was conducted, and the person who conducted the surveillance or observation. (NOTE: This interrogatory is broad and seeks to discover all post-incident surveillance even if such attempts were unsuccessful.)

31.

Please state the factual basis for your assertions, if any, that this Court lacks jurisdiction or venue over this Defendant, that there has been an insufficiency of process of Plaintiffs' Complaint, and/or that there has been an insufficiency of service of process upon the Defendant.

32.

Please identify any and all documentary or other tangible evidence, not previously identified or produced, which you believe demonstrates and/or supports facts relevant to the claims and/or defenses in this case.

33.

Please identify any information you claim you or your agents, attorneys, servants, or employees have indicating whether any witness has been convicted or pleaded guilty to a crime.

34.

Please identify in detail any and all claims or facts that any other person or entity is responsible for any aspect of Plaintiffs' claims and damages as referenced in the Complaint.

35.

If there was an investigation made of the incident that forms the basis of this suit, please state whether the Defendant conducted such investigation in anticipation of litigation, and if so,

state each fact of which Defendant were aware of at the time of the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

36.

Please identify all complaints about forced or undesired entries into apartments that you are aware of, have been reported, or complained of at any time prior to Plaintiffs' injury of October 11, 2021, at the apartment complex in question.

37.

Please identify all personnel directly responsible for security, all security officers, all persons in contact with security, or other people of any nature that had security responsibility for the premises for the day in question and two years beforehand.

38.

Please identify all action you took, including the person, name, date, and address of the person who took the action, regarding any investigation on your part into prior criminal activity at your property or property neighboring that of Defendant or in the same community.

39.

If management had concerns about security measures and issues for the apartment complex at issue before October 11, 2021, please identify all written documentation reflecting the same, all people involved in issuing any policies and procedures regarding the same, and specific company conversations or directives regarding same.

40.

Please identify all employees of Freedom Park Apartments, LLC for the five (5) years preceding the incident complained of in Plaintiffs' Complaint.

41.

Have you had any complaints or reports of any nature by anybody about problems with

the security at the complex at issue?  If so, please explain in detail, identify the person's name,

address, date of birth, the date of the report, and please produce any documents regarding same.

This 2nd day of March, 2022.


**JAMES A. RICE, JR., P.C**


*/s/ Andrew J. Brandt*
Andrew J. Brandt, Esq.
Georgia Bar Number 962436
Attorney for Plaintiffs

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

State Court of Fulton County
**E-FILED**
22EV001372
3/2/2022 11:31 AM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

QUINTAVIUS RENDER, AMIR ROSS,   )
DEUNTAE SCOTT, and LORENZO WILLIAMS,  )
                          )
     Plaintiffs,           )     Civil Action File No.
                          )
v.                     )     _____
                          )
RADIANT PROPERTY MANAGEMENT LLC,  )
                          )
     Defendant.          )

## PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND NOTICE TO PRODUCE DOCUMENTS TO EACH DEFENDANT

Pursuant to O.C.G.A. § 9-11-26, *et seq*., and O.C.G.A. § 24-10-26, *et seq*., Plaintiffs hereby requests that EACH Defendant respond separately, in writing and under oath to the following request for production of documents within forty-five (45) days from the date of service as provided by law, with a copy of the responses being served upon the undersigned counsel of record for the Plaintiffs at James A. Rice, Jr., P.C., 563 Spring Street NW, Atlanta, Georgia 30308.

## DEFINITIONS AND INSTRUCTIONS

A.     This request for production of documents and notice to produce shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq*., and O.C.G.A. § 24-10-26, *et seq*., so as to require Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or his attorney obtain further information between the time the answers are served and the time of trial.  Plaintiffs also requests that Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B.     "Document," whether singular or plural, means documents and other

tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true copies, including copies of documents, videotapes, computer data, and sound material.

C.      "Person" means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

D.      If a requested document is no longer in your possession, custody or control, please identify the document with specificity.

E.      If you object to part of a request, <u>please identify any documents withheld</u>. If you object to the scope or time period of the request, please answer the request for the scope or time period you believe is appropriate.

F.      If you assert the attorney-client privilege or work-product exclusion as to any document requested by any of the following specific requests, please identify the document in sufficient detail to permit the Court to reach a determination in the event of a Motion to Compel.

## REQUEST FOR PRODUCTION

Defendant are requested to produce each of the following:

### 1.

Copies of any and all logs, incident reports, investigative memoranda, photographs, documents and charts or graphs relating to matters which are the subject of this Complaint.

### 2.

Copies of any and all statements, whether recorded, oral or otherwise, in your control or obtained in your behalf, of any person relating to the incident complained of in the Complaint.

3.

Copies of any and all documents that in any way mention or refer to any criminal activity at the apartment complex known as Park Commons, or any residential rental building that any Defendant owns, or has owned, at any time before          .

4.

Copies of any and all reports, inner-office memoranda or other documents relating to matters which are the subject of this Complaint which were prepared in the normal course of business.

5.

Copies of any and all photographs regarding this case.

6.

Please identify all documents you possess regarding any repairs or maintenance performed on any of the apartments at the subject apartment complex which was necessary due to a break-in, burglary, shooting, home invasion or any other criminal activity.

7.

All police reports or incident reports you possess regarding this event or any other crime at the apartment complex at question.

8.

All documents generated or created before suit was instituted in this action regarding the incident.

9.

Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to Defendant with regard to Plaintiffs' claims against Defendant.  This request includes primary insurance coverage, excess

insurance coverage, or any other type of liability insurance coverage, medical-payments

coverage, and documents regarding reservation of rights for same.

10.

Copies of any and all documentary evidence which is relevant to any issue in this action

or which might lead to the production of other evidence which is admissible.

11.

Copies of any and all reports, memorandum or notes from any individual who has

investigated any aspect or element of the subject incident.

12.

Copies of all employee agreements, policies, and procedure manuals regarding the hiring

and training of employees at Freedom Park Apartments, LLC or any independent security

company.

13.

Copies of any and all claims forms, accident reports, or other documentation evidencing

prior or subsequent complaints or problems with the security of the premises in question.

14.

Copies of all documents, logs or incident reports involving any crimes at the property in

question for the ten (10) years prior to October 11, 2021.

15.

All documents relating to violent crime ever occurring at the property at issue.

16.

All documents relating to security, and any security measure considered or undertaken by

Defendant for the property in question for any time prior to          .

17.

All documents relating to changes in security, and any security measure considered, but not implemented by Defendant for the property in question for any time prior to         .

18.

All documents, photographs, and drawings that depict the layout of the premises in question, including documentation reflecting the layout of the area where Plaintiffs was assaulted.  Please provide all architectural plans, drawings, or designs of the apartment complex in question.

19.

All documents relating to crimes or assaults at the premises in question.

20.

All documents pertaining to employee and security training, including all policies and procedure manuals governing the employees at the Freedom Park Apartments in question.

21.

All documents reflecting criminal activity at the premises in question.

22.

All documents evidencing, reflecting, relating to or constituting any communication between any Defendant and Plaintiffs.

23.

All documents evidencing, reflecting, relating to or constituting an accident or incident report regarding the occurrence forming the basis of this lawsuit.

24.

All documents that you receive in response to your Requests for Production of Documents and/or subpoenas to non-parties.

25.

All documents, pleadings and/or exhibits filed, served or prepared in connection with any negligent security related litigation involving personal injuries where Defendant has been a party and involving the premises in question for the past ten (10) years.

26.

Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiffs' claims in this action or Defendant' defenses.

27.

Please produce all reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

28.

Please produce all claim forms, accident reports, or other documentation evidencing prior or subsequent complaints, problems, injuries or security issues occurring on the premises where Plaintiffs was injured.

29.

Please produce any and all documents, including employee handbooks, policy or procedure manuals, or videotapes of Defendant' policies regarding safety, training, crime prevention, crime deterrents, loss prevention or any security measures at the premises forming the basis of Plaintiffs' Complaint.  This includes any and all policy and procedure manuals of any nature.

30.

For the date in question, and the two weeks before and two weeks after, please produce the work schedules for all employees (regarding the premises in question) employed by Defendant.

31.

Each and every document between Defendant and any independent security company.

32.

Please provide all contract agreements or documents of any nature entered into between the Defendant and any other individual or company regarding the security of the premises in question.

33.

Please provide all notes, memoranda, minutes and all other written evidence of safety meetings held by Defendant, your employees, agents or independent contractors, for the past five (5) years.

34.

All budgets for security at the property in question.

35.

All work orders, maintenance requests, or other documents reflecting repairs or requests for repairs as it relates to any breaking and entry at your premises.

36.

Copies of all Freedom Park Apartment, LLC newsletters, advertisements or flyers for the 5 years before the incident in question.

37.

All videotapes of the incident from any closed circuit television.

38.

All work orders, maintenance requests, or other documents reflecting repairs, upgrades, requests for repairs or installation of additional locks or security for any apartment in the complex at issue.

You are requested to comply with said requests by producing and permitting the Plaintiffs' attorney to inspect and copy the documents requested.  In lieu of appearance at a document production, you may instead mail true and accurate copies of all documents or evidence to Plaintiffs at James A. Rice, Jr., P.C., 563 Spring Street NW, Atlanta, Georgia 30308.

This 2nd day of March 2022.

**JAMES A. RICE, JR., P.C**

/s/ Andrew J. Brandt
Andrew J. Brandt, Esq.
Georgia Bar Number 962436
Attorney for Plaintiffs

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV001372**
**3/14/2022 10:10 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

# JAMES A. RICE, JR., P.C.

### WWW.RICEFIRM.COM

| **ATLANTA OFFICE** | | **DULUTH OFFICE** |
|---|---|---|
| 563 SPRING STREET, NW | | 3863 POSTAL DRIVE #210 |
| ATLANTA, GEORGIA 30308 | | DULUTH, GEORGIA 30096 |
| Telephone 404-255-4448 | | Telephone 678-710-6910 |
| Facsimile 404-842-7710 | | Facsimile 678-710-6918 |

*PLEASE RESPOND TO THE ATLANTA OFFICE*

---

**TO:**       **All State and Superior Court Judges, Clerks of Court and Counsel of Record**

**FROM:**    **Andrew J. Brandt**

**RE:**       **Notice of Leave of Absence**

**DATE:**    **March 14, 2022**

---

COMES NOW, **Andrew J. Brandt** and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all opposing counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.      The period of leave during which time Applicant will be away from the practice of law is: March 3, 2022 through March 4, 2022 (out of town wedding); March 18, 2022 through March 21, 2022 (out of town); April 4, 2022 through April 10, 2022 (spring break for children); April 28, 2022 through April 29, 2022 (out of town); July 25, 2022 through July 29, 2022 (family vacation); August 1, 2022 (son's first day of school); September 9, 2022 through September 19, 2022 (out of town family vacation); November 23, 2022 through November 25, 2022 (Thanksgiving holiday); December 23, 2022 through December 26, 2022 (holiday vacation); and December 30, 2022 January 2, 2023 (holiday vacation).

2.      All affected Judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it.  If no objections are filed, the leave shall be granted.

**James A. Rice, Jr., P.C.**

By:      */s/ Andrew J. Brandt*
         Andrew J. Brandt
         Georgia State Bar No. 962436

563 Spring Street, N.W.
Atlanta, Georgia  30308
(404) 255-4448 - Phone
(404) 842-7710 – Facsimile

**EXHIBIT 1**

| CASE STYLE | PRESIDING JUDGE | OPPOSING COUNSEL |
|---|---|---|
| Teresa Allred v. Yarab Investments, Inc., et al.<br>Superior Court of Floyd County<br>Civil Action File No: 20CV01286 | ***EFILED***<br>Hon. Judge John E. Niedrach<br>Floyd County Superior Court<br>3 Government Plaza<br>Suite 326<br>Rome, GA 30161 | Samuel S. Sykes II<br>Jack D. Summer<br>HALL BOOTH SMITH, P.C.<br>191 Peachtree Street, NE, Suite 2900<br>Atlanta, GA  30303<br><br>Christopher P. Twyman<br>COX, BYINGTON, TWYMAN & JOHNSON, LLP<br>711 Broad Street<br>Rome, GA  30161 |
| Sandra Ajanogha v. Marlin Payne, et al.<br>State Court of Rockdale County<br>Civil Action File No: 2021-SV-3341 | ***EFILED***<br>Hon. Judge Clarence Cuthpert, Jr.<br>P.O. Box 938<br>Conyers, GA 30012 | Trace Sexton<br>Lewis Brisbois Bisgaard & Smith LLP<br>600 Peachtree Street NE<br>Suite 4700<br>Atlanta, GA 30308 |
| Mimi Arrington v. Haley Walls<br>State Court of Forsyth County<br>Civil Action File No. 21SC-1029-A | ***EFILED***<br>Hon. Leslie Abernathy-Maddox<br>Forsyth County State Court<br>101 East Courthouse Square<br>Cumming, GA 30040 | William R. Gordon, Jr.<br>Downey & Cleveland LLC<br>288 Washington Avenue NE<br>Marietta, GA 30060 |
| Shawnee Bock, et al. v. Kyong Clark<br>State Court of Gwinnett County<br>Civil Action File No.: 18-C-05192-S1 | ***EFILED***<br>Hon. Emily Brantley<br>State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Janice M. Wallace<br>Beck, Owen & Murray<br>One Griffin Center, Suite 600<br>100 S. Hill Street<br>Griffin, GA  30223 |
| Torri Brye v. O'Reilly Automotive Stores, Inc., et al.<br>State Court of Clayton County<br>Civil Action File No.: 2019CV01519 | ***EFILED***<br>Hon. Margaret Spencer<br>State Court of Clayton County<br>9151 Tara Boulevard<br>Room 3JC301<br>Jonesboro, GA 30236 | Warner S. Fox<br>Hawkins Parnell & Young, LLP<br>303 Peachtree Street, NE<br>Suite 4000<br>Atlanta, GA  30308 |
| Imani Davis v. Latchman Udai<br>State Court of Gwinnett County<br>Civil Action File No: 20-C-06035-S1 | ***EFILED***<br>Hon. Emily J. Brantley<br>State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Layal Kaba<br>Lynn Leonard & Associates<br>2400 Century Parkway<br>Suite 200<br>Atlanta, GA 30345<br><br>Russell B. Davis<br>Downey & Cleveland, LLP<br>288 Washington Avenue<br>Marietta, GA 30060 |

| CASE STYLE | PRESIDING JUDGE | OPPOSING COUNSEL |
| --- | --- | --- |
| Lequiticia Gardner v. Ashur Lawrence, et al.<br>State Court of Fulton County<br>Civil Action File No: 21EV003062 | ***EFILED***<br>Hon. Jay M. Roth<br>State Court of Fulton County<br>185 Central Avenue SW<br>Suite T-3755<br>Atlanta, GA 30303 | Jennifer E. Parrott<br>Burke A. Noble<br>Drew Eckl & Farnham, LLP<br>303 Peachtree Street, NE<br>Suite 3500<br>Atlanta, GA 30308 |
| Napoleon Harris v. Channel Culberson<br>Magistrate Court of Henry County<br>Civil Action File No: 2022-81CC | ***EFILED***<br>Clerk of Magistrate- April Blackburn<br>Magistrate Court of Henry County<br>140 Henry Parkway<br>McDonough, GA 30253 | Channel Culberson *(pro se)*<br>167 Caldwell Drive<br>Hampton, GA 30228 |
| Scott Haven v. Matthew Myers<br>State Court of Forsyth County<br>Civil Action File No. 20SC-0791-B | ***EFILED***<br>Hon. T. Russell McClelland, III<br>Forsyth County State Court<br>101 East Courthouse Square<br>Cumming, GA 30040 | Chauntis Jenkins-Floyd<br>Dodson & Associates<br>PO Box 2903<br>Hartford, CT 06104-2903 |
| Minoo Hosseini v. Timothy Cook<br>State Court of DeKalb County<br>Civil Action File No. 21A00949 | ***EFILED***<br>Hon. Wayne M. Purdom<br>State Court DeKalb County<br>556 N McDonough St.<br>#3220<br>Decatur, GA 30030 | Daniel Kuczler<br>Lynn Leonard & Associates<br>2400 Century Parkway<br>Suite 200<br>Atlanta, GA 30345<br><br>David A. Olsen<br>Fain, Major & Brennan, PC<br>100 Glenridge Point Parkway<br>Suite 500<br>Atlanta, GA 30342 |
| Nahid Hosseini v. Devin Dowdy<br>State Court of Cobb County<br>Civil Action File No. 20-A-436 | ***EFILED***<br>Hon. John S. Morgan<br>State Court of Cobb County<br>12 E. Park Square<br>Marietta, GA 30090 | Brandi E. Beale<br>Lueder, Larkin & Hunter, LLC<br>5900 Windward Parkway<br>Suite 390<br>Alpharetta, GA 30005 |
| Linda Isaac v. Charles Bass<br>Superior Court of Laurens County<br>Civil Action File No. 21-CG-0856-JH | ***EFILED***<br>Hon. Jon F. Helton<br>Superior Court of Laurens Co.<br>PO Box 2069<br>Dublin, GA 31040 | Cubbedge Snow III<br>Martin Snow, LLP<br>PO Box 1606<br>Macon, GA 31202-1606<br><br>D. Sarah Young<br>James-Bates-Brannan-Groover LLP<br>PO Box 4283<br>Macon, GA 31208 |
| Ericka James v. Robert Gedeon<br>State Court of Clayton County<br>Civil Action File No.: 2020CV00209 | ***EFILED***<br>Hon. Tammi Hayward<br>State Court of Clayton County<br>9151 Tara Boulevard<br>Room 3JC402<br>Jonesboro, GA 30236 | Robert Gedeon (pro se)<br>6959 Knollwood Drive<br>Morrow, GA 30260 |

| CASE STYLE | PRESIDING JUDGE | OPPOSING COUNSEL |
|---|---|---|
| Aaron Key, et al. v. Michael Jordan, et al. <br> State Court of Cherokee County <br> Civil Action File No: 20SCE0790 | **_EFILED_** <br> Hon. A. Dee Morris <br> State Court of Cherokee County <br> 90 North St <br> Canton, GA 30114 | W. Curtis Anderson <br> Downey & Cleveland, LLP <br> 288 Washington Avenue <br> Marietta, GA  30060 <br><br> Charles M. McDaniel, Jr. <br> Copeland Stair Kingma & Lovell, LLP <br> 191 Peachtree Tower, Suite 3600 <br> 191 Peachtree Street NE <br> Atlanta, GA  30303 |
| Cecelia Landress vs. Lantosha Roberts <br> State Court of Cobb County <br> Civil Action File No:  18-A-2690 | **_EFILED_** <br> Hon. Carl W. Bowers <br> State Court of Cobb County <br> 12 East Park Square <br> Marietta, GA 30090 | Thomas E. Brennan, Esq. <br> Fain, Major & Brennan <br> 100 Glenridge Point Parkway <br> Ste. 500 <br> Atlanta, GA 30342 <br><br> Anderson D. Robinson, Esq. <br> Law Office of Nathalie M. Smith <br> 2970 Clairmont Road, NE, Ste. 600 <br> Brookhaven, GA 30329 |
| Talene LeCounte, et al. v. Ezekiel Johnson <br> State Court of Fulton County <br> Civil Action File No: 17EV003292 | **_EFILED_** <br> Hon. Patsy Porter <br> State Court of Fulton County 185 <br> Central Avenue, S.W. Suite T-2855 <br> Atlanta, Georgia 30303 | Tameika Jackson <br> Law Office of Nancy W. Phillips <br> 3200 Windy Hill Road, SE <br> Suite 925, East Tower <br> Atlanta, GA  30339 <br><br> Thomas P. Johnson <br> Gower, Wooten & Darnielle, LLC <br> 4200 Northside Parkway <br> Building 12 <br> Atlanta, GA 30327 |
| Hermis Liriano, Sr. v. Luca Segala <br> State Court of Henry County <br> Civil Action File No: STSV2020000709 | **_EFILED_** <br> Hon. Ben W. Studdard <br> State Court of Henry County <br> 44 John Frank Ward Blvd, <br> McDonough, GA 30253 | Wm. Mark Amos <br> Lynn Leonard & Associates <br> 2400 Century Parkway <br> Suite 200 <br> Atlanta, GA  30345 |
| Laquincy Massey v. Joshua Kapstein, et al <br> State Court of Cobb County <br> Civil Action File No. 21-A-301 | **_EFILED_** <br> Hon. Jane P. Manning <br> State Court of Cobb County <br> 12 E. Park Square <br> Marietta, GA 30090 | Rakhi D. McNeill <br> Heather Keller <br> Waldon Adelman Castilla Hiestand & Prout <br> 900 Circle 75 Parkway <br> Suite 1040 <br> Atlanta, GA 30339 |
| Kolawole Ogundare v. Corshauna Perry <br> State Court of Gwinnett County <br> Civil Action File No:  20-C-07609-S4 | **_EFILED_** <br> Hon. Ronda Colvin Leary <br> State Court of Gwinnett County <br> 75 Langley Drive <br> Lawrenceville, GA 30046 | Paul Groth <br> Groth, Makarenko, Kaiser & Eidex LLC <br> 335 Peachtree Industrial Blvd. <br> Suite 2206 <br> Suwanee, Georgia 30024 |

| CASE STYLE | PRESIDING JUDGE | OPPOSING COUNSEL |
|---|---|---|
| Dana Palmer v. John Doe<br>State Court of Fulton County<br>Civil Action File No: 21EV007230 | ***EFILED***<br>Hon. Patsy Porter<br>State Court of Fulton County<br>Central Avenue, S.W. Suite T-2855<br>Atlanta, Georgia 30303 | Thomas E. Brennan, Esq.<br>Fain, Major & Brennan<br>100 Glenridge Point Parkway<br>Ste. 500<br>Atlanta, GA 30342 |
| Bryan Pickens v. Sarah Alberts<br>State Court of Fulton County<br>Civil Action File No: 21EV003677 | ***EFILED***<br>Hon. Myra H. Dixon<br>T3655 Justice Center Tower<br>185 Central Avenue SW<br>Atlanta, GA 30303 | Paul Groth<br>Groth, Makarenko, Kaiser & Eidex LLC<br>335 Peachtree Industrial Blvd.<br>Suite 2206<br>Suwanee, Georgia 30024 |
| Joshua Poteet, et al. v. Joseph Spivey, et al.<br>Superior Court of Polk County<br> Civil Action File No.<br>SUCV2020000492 | ***EFILED***<br>Hon. Meng Lim<br>Superior Court of Polk County<br>100 Prior St #106<br>Cedartown, GA 30125 | J. Holder Smith, Jr.<br>Jeremy W. Willis<br>Young, Thagard, Hoffman, LLP<br>P.O. Box 3007<br>Valdosta, GA  31604<br><br>Veronica Hoffler<br>Law Office of Andrews and Manganiello<br>100 Crescent Centre Parkway, Suite 950<br>Tucker, GA  30084<br><br>Robert and Tracey Weiderman, *Pro Se*<br>65 Diane Drive<br>Dunedin, Florida 34698 |
| Kelvin Reed vs. Ngoc Le; Minh Nguyen; Christy Creamer; and Hitech Towing and Recovery Services, Inc., f/k/a Hitech Auto Towing and Recovery, Inc.<br>State Court of Clayton County<br>Civil Action File No:  2020CV01655 | ***EFILED***<br>Hon. Margaret Spencer<br>State Court of Clayton County<br>Harold R. Banke Justice Center<br>Room 3JC301<br>9151 Tara Boulevard<br>Jonesboro, GA 30236 | Christopher M. Collado<br>Taylor English Duma, LLP<br>1600 Parkwood Circle, Suite 200<br>Atlanta, GA 30339<br><br>Thomas F. Martin<br>Martin & Martin, LLP<br>P.O. Box 1070<br>Tucker, GA 30085<br><br>Nanci S. Corsi<br>Worsham Corsi Donur & Berss<br>P.O. Box 674027<br>Marietta, GA 30006 |

| CASE STYLE | PRESIDING JUDGE | OPPOSING COUNSEL |
|---|---|---|
| Jordan Rice and Josefina Reyes<br>State Court of DeKalb County<br>Civil Action File No: 21A05627 | ***EFILED***<br>Hon. Mike Jacobs<br>State Court of Dekalb County<br>556 N McDonough St.<br>#3220<br>Decatur, GA 30030 | Janet Waters *(pro se)*<br>3740 Aristocrat Ct.<br>Loganville, GA 30052<br><br>Chester Edgehill *(pro se)*<br>1030 Cedar Forest Ct.<br>Stone Mountain, GA 30083<br><br>Jonathan M. Adelman<br>Waldon Adelman Castilla Hiestand & Prout<br>900 Circle 75 Parkway, SE, Suite 1040<br>Atlanta, GA 30339<br><br>Kelly N. Goodwin<br>Law Office of Nancy Phillips<br>3200 Windy Hill Road SE, Suite 1525E<br>Atlanta, GA 30339 |
| Tameka Roberts v. Publix Super Markets, Inc. and Joseph Destorch<br>State Court of Fulton County<br>Civil Action File No: 21EV006676 | ***EFILED***<br>Hon. Jane Morrison<br>State Court of Fulton County<br>Central Avenue, S.W. Suite T-2855<br>Atlanta, Georgia 30303 | Gene A. Major<br>James W. Hardee<br>Joseph S. Knight<br>Fain Major & Brennan, P.C.<br>One Premier Plaza<br>5605 Glenridge Drive, NE<br>Suite 900<br>Atlanta, GA 30342 |
| Linda Ross v. Charlie F. Middlebrooks<br>State Court of Clayton County<br>Civil Action File No: 2020CV02177 | ***EFILED***<br>Hon. Shalonda Jones-Parker<br>State Court of Clayton County<br>Harold R. Banke Justice Center<br>Room 3JC501<br>9151 Tara Boulevard<br>Jonesboro, GA 30236 | Melanie D. Williams<br>Worsham, Corsi, Dobur & Berss<br>P.O. Box 674027<br>Marietta, GA 30006<br><br>William R. Gordon, Jr.<br>Downey & Cleveland LLP<br>288 Washington Avenue<br>Marietta, GA 30060-1979 |
| Sulma Rubio v. Gregory Jean<br>State Court of Clayton County<br>Civil Action File No. 2020CV02050 | ***EFILED***<br>Hon. Tammi Long Hayward<br>State Court of Clayton County<br>9151 Tara Boulevard, 3rd Floor<br>Jonesboro, GA 30236 | Gregory Jean (*Pro Se*)<br>245 Stallion Trail<br>Riverdale, Georgia 30274<br><br>Alaina S. Howard<br>State Farm Mutual Automobile Insurance Company<br>2400 Century Parkway<br>Suite 200<br>Atlanta, GA 30345 |

| CASE STYLE | PRESIDING JUDGE | OPPOSING COUNSEL |
|---|---|---|
| Bryan D. Shea v. Shannan Case<br>State Court of Gwinnett County<br>Civil Action File No. 20-C-07166-S3 | ***EFILED***<br>The Hon. Carla Brown<br>State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Larry G. Cobb<br>Dodson & Associates<br>P.O. Box 2903<br>Hartford, CT 06104-2903<br><br>Marcia S. Freeman<br>Ashley L. Yagla<br>Waldon Adelman Castilla Hiestand &<br>Prout<br>900 Circle 75 Parkway<br>Suite 1040<br>Atlanta, GA 30339 |
| Brigette Swann v. QTS Realty Trust, Inc,<br>et al.<br>State Court of Gwinnett County<br>Civil Action File No. 21-C-06334-S1 | ***EFILED***<br>Hon. Emily J. Brantley<br>State Court of Gwinnett Co.<br>75 Langley Drive.<br>Lawrenceville, GA 30046 | Lervette J. Blair<br>Drew, Eckl & Farnham, LLP<br>303 Peachtree Street NE<br>Suite 3500<br>Atlanta, GA 30309 |
| Mary Jane Tanner v. Kim Davis<br>State Court of DeKalb County<br>Civil Action File No: 21A01134 | ***EFILED***<br>Hon. Kimberly A. Alexander<br>State Court of DeKalb Co.<br>556 N. McDonough St.<br>Suite 2220<br>Decatur, GA 30030 | Steven R. Wilson<br>Trevor G. Hiestand<br>Waldon Adelman Castilla Hiestand &<br>Prout<br>900 Circle 75 Pkway SE<br>Suite 1040<br>Atlanta, GA 30339<br><br>Anne D. Gower<br>John E. Searcy, Jr.<br>Gower Wooten & Darneille, LLC<br>Building 12<br>4200 Northside Parkway NW<br>Atlanta, GA 30327 |
| Denzil Tieku vs. Morgan Johnson, Marc<br>Vosburg and Omogbolaha Giwa<br>Magistrate Court of Cobb County<br>Civil Action File No. 20-J-06897 | ***EFILED***<br>Presiding Judge<br>Magistrate Court of Cobb Co.<br>32 Waddell St., SE<br>Marietta, GA 30090 | Faatima Ally<br>Lynn Leonard & Associates<br>2400 Century Parkway., Suite. 200<br>Atlanta, GA 30345<br><br>Gregory H. Brack<br>Brack & Westee, P.C.<br>378 Lawrence Street<br>Marietta, GA 30060<br><br>Brian M. Dossena<br>J. Gregory Godsey LLC<br>The Godsey Firm LLC<br>3985 Steve Reynolds Boulevard<br>Building D<br>Norcross, GA 30093 |

| CASE STYLE | PRESIDING JUDGE | OPPOSING COUNSEL |
|---|---|---|
| Ericka Turckheim; Lucy Arroyo and Erick Turckheim as Parent and Natural Guardian of Joyce Turckheim and Joyce Turckheim, individually | ***EFILED***<br>Hon. David P. Darden<br>State Court of Cobb County<br>12 East Park Square<br>Marietta, GA 30090 | Assunta S. Fiorini<br>Law Office of Kenneth Sisco<br>1001 Summit Boulevard, Suite 1120<br>Brookhaven, GA 30319<br><br>Andrew A. Curtright<br>W. Coleman Sylvan<br>Downey & Cleveland<br>288 Washington Avenue<br>Marietta, GA 30060 |
| La'Janaie Williams, as next friend, parent, and natural guardian of Ar'monee Short and Italiee Short, et. al. v. Patwary Enterprise, Inc.<br>State Court of Fulton County Civil File Action No: 22EV001604 | ***EFILED***<br>Hon. John R. Mather<br>State Court of Fulton County<br>185 Central Avenue, S.W. Suite T-3755<br>Atlanta, Georgia 30303 | Patwary Enterprise, Inc. (Pro-Se) |
| Jacqueline Williams v. Manohar Rajan, et al.<br>State Court of Fulton County<br>Civil Action File No: 21EV007239 | ***EFILED***<br>Hon. Jay M. Roth<br>State Court of Fulton County<br>185 Central Avenue SW<br>Suite T-3755<br>Atlanta, GA 30303 | Jason G. Wyrick<br>J. Robb Cruser<br>Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP<br>Meridian II, Suite 2000<br>275 Scientific Drive<br>Peachtree Corners, GA  30092 |
| Wanda Wiley v. Erica Lawrence<br>State Court of Forsyth County<br>Civil Action File No: 22SC-0335-B | ***EFILED***<br>Hon. T. Rusell McClelland<br>State Court of Forsyth County<br>101 East Courthouse Square<br>Cumming, GA 30040 | Erica Lawrence *(pro se)*<br>4510 Azurite Street<br>Cumming, GA 30040 |
| Raymer Wilson v. Dylan Barilow<br>State Court of Cobb County<br>Civil Action File No. 20-A-2603 | ***EFILED***<br>Hon. Toby Prodgers<br>State Court of Cobb County<br>12 East Park Square<br>Marietta, GA 30090 | Lindsay L. Reese<br>Law Office of Nancy W. Phillips<br>3200 Windy Hill Road SE<br>Suite 925E<br>Atlanta, GA 30339<br><br>Charles H. Manush<br>Dodson & Associates<br>PO Box 2903<br>Hartford, CT 06104 |

| CASE STYLE | PRESIDING JUDGE | OPPOSING COUNSEL |
|---|---|---|
| Anthony White v. Kimberly Harrell<br>State Court of Fulton County<br>Civil Action File No.  22EV000171 | ***EFILED***<br>Hon. Jay M. Roth<br>State Court of Fulton County<br>State Court of Fulton County<br>185 Central Avenue SW<br>Suite T-3755<br>Atlanta, GA 30303 | Kimberly Harrell (pro se)<br>876 Washington St SW<br>APT 2<br>Atlanta, GA 30315<br><br>Michelle Hankins<br>Attorney for LM General Ins. Co.<br>PO Box 7217<br>London, KY 40742 |
| Raki Wright, Individually; and as Parent<br> and Natural Guardian of Madison<br>Henriquez; and Madison Henriquz,<br>Individually v. Vui Nguyen and Binh Le<br>State Court of Gwinnett County<br>Civil Action File No. 21-C-00222-S5 | **EFILED**<br>Hon. Pamela D. Smith<br>State Court of Gwinnett County<br>75 Langley Drive<br>Lawrenceville, GA 30046 | Aaron Smith<br>Law Offices of McLaughlin & Ream<br>PO Box 7127<br>London, KY 40744 |
| Patrice Yancey v. Anupam Goli<br>State Court of Cherokee County<br>Civil Action File No.: 19SCE1111 | ***EFILED***<br>The Hon. Michelle Homier<br>State Court of Cherokee County<br>90 North Street<br>Canton, GA 30114 | Lowell Fitts<br>Worsham, Corsi, Scott & Dobur<br>PO Box 674027<br>Marietta, GA 30006<br><br>Daniel C. Prout, Jr.<br>Jordan Wilkinson<br>Waldon Adelman Castilla Hiestand &<br>Prout<br>900 Circle 75 Parkway<br>Suite 1040<br>Atlanta, GA  30339 |

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV001372**
**4/21/2022 11:29 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| QUINTAVIUS RENDER, AMIR ROSS, | ) | |
| DEUNTAE SCOTT, and LORENZO WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | 22EV001372 |
| | ) | |
| RADIANT PROPERTY MANAGEMENT LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>NOTICE OF FILING AFFIDAVIT OF SERVICE</u>

COMES NOW Plaintiff and hereby files the attached Affidavit of Service, Exhibit A, on Defendant

Radiant Property Management.

This 21st day of April, 2022.

**JAMES A. RICE, JR., P.C.**

*/s/ Andrew J. Brandt*
Andrew J. Brandt
Georgia State Bar No. 962436
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

SHERIFFS NUMBER: S22001161          DEFENDANT SEQUENCE 1 OF 1                    04/01/2022

---------------------------------------------------------------------------
### Summons & Complaint - Out of State

I, Armando B. Fontoura, Sheriff of Essex County, do hereby deputize LUKE LATERZA and appoint
to be my Deputy, To Serve and Return the Summons and Complaint according to Law.

COURT OF ISSUANCE: STATE COURT

ENTERED BY: JOI

ATTORNEY                                    Check #     Receipt #    Receipt Amt
JAMES A RICE JR
563 SPRING ST NW                              204        271529          31.10
ATLANTA GA 30308

COURT:    STATE COURT

Docket #: 22EV001372              State: GA

                                CAPTION OF CASE
Name:     QUINTAVIUS REDNER, AMIR RODD, DEUNTAE SCOTT, LORENZO WILLIAMS
Vs        RADIANT PROPERTY MANAGMENT
                        DEFENDANT OR NAMED WITHIN TO BE SERVED
Name:     RADIANT PROPERTY MANAGMENT

Address:  691 ELIZABETH AVE #2
          RA MICHAEL WIEDER                              Hearing Date:
          NEWARK NJ 07112                                Time:

Papers served:  SUMMONS, COMPLAINT, SHERIFF'S ENTRY, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
                TO DEFAULT, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, PLAINTIFF'S FIRST
                REQUESTFOR PRODUCTION OF DOCUMENTS TO DEFENDANT, NOTICE OF LEAVE OF ABSENCE

--------------------------- SERVICE DATA RECORDED ----------------------------

✓ SERVED SUCCESSFULLY        ___ UNABLE TO SERVE        NUMBER OF ATTEMPTS ___

  DATE: 3-31-22     TIME: 0930                  DATE:_____  DATE:_____

REMARKS: *No one to Accept  Dropped in Rent Mailbox*
         *As stated in Georgia Affidavit*
___ Personally Delivered  ___ Officer   ✓ Managing Agent    ___ Registered Agent
___ Copy left with competent household member    ___ Agent Authorized to accept

                                        Is in the Military  Is not in the Military

Person Served... *Michael Weider*

                                            (Title/Relationship)

Sex:    ___ Male     ___ Female
Skin:   ___ White    ___ Black   ___Yellow    ___Brown  ___Red
Height: ___ Under 5'    ___ 5'-5.6'    ___ 5.7'-6'    ___Over 6'
Weight: ___ Under 100#  ___ 100-150#  ___ 151-200#  ___Over 200#
Hair:   ___ Black  ___ Brown  ___Blonde  ___Gray  ___Red  ___ White  ___Balding
Age:    ___ 14-20  ___ 21-35  ___36-50  ___51-65  ___Over 65

PLAINTIFF'S
EXHIBIT

A

*SWORN TO AND SUBSCRIBED*    DAMARY ACEVEDO
*BEFORE ME ON* 3/31/22       NOTARY PUBLIC OF NEW JERSEY
                             My Commission Expires July 22, 2024    SIGNATURE
                                                          SHERIFF'S OFFICER OF ESSEX COUNTY
                                                          STATE OF NEW JERSEY

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | |
|---|---|---|

Civil Action No. 22EV001372

Date Filed 03/07/2022

| Superior Court | ☐ | Magistrate Court | ☐ |
|---|---|---|---|
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, Fulton _____ COUNTY

**Attorney's Address**
Andrew J. Brandt
563 Spring Street, NW
Atlanta, GA 30308

Quintavius Render, et al
_____
                                                    Plaintiff

VS.

Radiant Property Management, LLC
_____

**Name and Address of Party to be Served.**

Radiant Property Management, LLC
_____
                                                    Defendant

c/o RA Michael Wieder, 691 Elizabeth Ave, #2

Newark, NJ 07112

_____
                                                    Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐
I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS** ☐
I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about_____years; weight_____pounds; height, about_____feet and_____inches, domiciled at the residence of
defendant.

**CORPORATION** ☐
Served the defendant_____a corporation
by leaving a copy of the within action and summons with_____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☑
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐
Diligent search made and defendant_____
not to be found in the jurisdiction of this Court.

This _31st_ day of _MARCH_ ,20 _22_.

_____
                                                    DEPUTY

SHERIFF DOCKET_____ PAGE_____

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV001372**
**5/9/2022 3:45 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
**Civil Division**

CIVIL ACTION FILE #: _____

_____

_____

_____

Plaintiff's Name, Address, City, State, Zip Code

vs.

_____

_____

_____

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [  ] TORT | |
| [x] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $_____ |
| [  ] SPECIAL LIEN | |
| | ************ |
| [x] NEW FILING | |
| [  ] RE-FILING:  PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: _____

Address: _____

City, State, Zip Code: _____     Phone No.:_____

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center  at 185 Central Ave., S.W., Ground Floor, Room TG300,  Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

*SERVICE INFORMATION:*

  Served, this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV001372**
**5/10/2022 12:55 PM**
**Christopher G. Scott, Clerk**
**Civil Division**

<u>NOTICE OF NO SERVICE CALENDAR</u>

Judge Roth

The following cases will be called on **May 31, 2022 at 10 a.m.** before Judge Jay Roth **via Zoom conference only.** The Zoom conference access information is as follows:

Join Zoom Meeting
https://zoom.us/j/97112039990?pwd=bUd3Z2NJQjhRaGxPS3ovNFRQNC8vdz09

Meeting ID: 971 1203 9990
Passcode: 123456
Dial by your location
+1 312 626 6799 US (Chicago)
+1 646 558 8656 US (New York)
+1 301 715 8592 US (Washington DC)
+1 346 248 7799 US (Houston)
+1 669 900 9128 US (San Jose)
+1 253 215 8782 US (Tacoma)
Meeting ID: 971 1203 9990
Passcode: 123456
Find your local number: https://zoom.us/u/aeo2NAlxWl

Failure to appear at the calendar sounding or otherwise to advise the Court of case status may result in dismissal of the complaint, answer, counterclaim and/or cross-claim.

Attorneys or pro se parties shall send an email or fax to

Jeffrey.abrams@fultoncountyga.gov

no later than 48 hours prior to hearing advising the Court of case status, or to submit a proposed order disposing of a case.

Neither parties nor attorneys are required to appear at the calendar if so advised by email from Court staff.



STATE COURT OF FULTON COUNTY
ATLANTA, GEORGIA

### Civil No Service Calendar Division A - Judge Roth

**05/31/2022**

JUDGE: Roth, Jay M     10:00 AM

1 --

| 21EV007481 | Plaintiff: JPMorgan Chase Bank, N.A. | Attorney: Bryant, Miya |
|---|---|---|
| JPMorgan Chase Bank, N.A. vs. JARED PENNINGTON | Defendant: JARED PENNINGTON | Attorney: |
| FILE DATE: 12/14/2021 | | |

2 --

| 21EV007532 | Plaintiff: DEPARTMENT STORES NATIONAL BANK | Attorney: LaVrar, Flynn |
|---|---|---|
| DEPARTMENT STORES NATIONAL BANK vs. SEAN LEADUM | Defendant: SEAN LEADUM | Attorney: |
| FILE DATE: 12/16/2021 | | |

3 --

| 22EV000152 | Plaintiff: Autovest, L.L.C. | Attorney: Tadday, Cherice |
|---|---|---|
| Autovest, L.L.C. vs. Calvin Brown | Defendant: Calvin Bernard Brown | Attorney: |
| FILE DATE: 01/07/2022 | | |

4 --

| 22EV000414 | Plaintiff: CROWN ASSET MANAGEMENT, LLC ASSIGNEE OF COMENITY CAPITAL BANK | Attorney: |
|---|---|---|
| CROWN ASSET MANAGEMENT, LLC ASSIGNEE OF COMENITY CAPITAL BANK vs. KELIA WRIGHT | Defendant: KELIA D WRIGHT | Attorney: |
| FILE DATE: 01/20/2022 | | |

5 --

| 22EV000556 | Plaintiff: Sandia Resolution Company | Attorney: Cloud, Brian |
|---|---|---|
| Sandia Resolution Company vs. Raymond Morgan | Defendant: Raymond Morgan | Attorney: |
| FILE DATE: 01/26/2022 | | |

6 --



**STATE COURT OF FULTON COUNTY**
**ATLANTA, GEORGIA**

### Civil No Service Calendar Division A - Judge Roth

**05/31/2022**
**JUDGE:** Roth, Jay M     **10:00 AM**

---

**22EV000761**
 Keesler Federal Credit Union
vs.
Trentretius Robinson
**FILE DATE:** 02/02/2022

**7 --**

| | |
|---|---|
| Plaintiff: Keesler Federal Credit Union | Attorney: Howe, Richard |
| Defendant: Trentretius Robinson | Attorney: |

---

**22EV000788**
 Marcus Balinton
VS.Jacobi McLin
**FILE DATE:** 02/03/2022

**8 --**

| | |
|---|---|
| Plaintiff: Marcus Balinton | Attorney: Ponton, James |
| Defendant: Jacobi McLin | Attorney: |

---

**22EV000821**
 US Foods, Inc. v. Stoned Pizza Kitchen LLC d/b/a Stoned Pizza Kitchen and Khampheun Bouavanh Leuangkhamsone a/k/a K. Bouwanah Leauangkhamsone a/k/a Bouavanh Leuangkhamsone
**FILE DATE:** 02/04/2022

**9 --**

| | |
|---|---|
| Plaintiff: US Foods, Inc. | Attorney: Shipley, Scott |
| Defendant: Khampheun Bouavanh Leuangkhamsone; Stoned Pizza Kitchen LLC d/b/a Stoned Pizza Kitchen | Attorney: Pro Se; Pro Se |

---

**22EV000824**
 Progressive Mountain Insurance Company as Subrogee of Ernest Williams
Vs. Adrian Simone Reed
**FILE DATE:** 02/06/2022

**10 --**

| | |
|---|---|
| Plaintiff: Progressive Mountain Insurance Company as Subrogee of Ernest Williams | Attorney: Smith, Deanna R |
| Defendant: Adrian Simone Reed | Attorney: Pro Se |

---

**22EV000854**
 Midland Credit Management, Inc. VS JUSTIN ROSS
**FILE DATE:** 02/08/2022

**11 --**

| | |
|---|---|
| Plaintiff: Midland Credit Management, Inc | Attorney: Bowman-Dumitrascu, Ashley |
| Defendant: JUSTIN ROSS | Attorney: Pro Se |



STATE COURT OF FULTON COUNTY
ATLANTA, GEORGIA

**Civil No Service Calendar Division A - Judge Roth**

**05/31/2022**
JUDGE:  Roth, Jay M     10:00 AM

| | | |
|---|---|---|
| **22EV000886**<br><br>BMC East LLC d/b/a TW Perry v. Maid in Paradise Cleaning Services, LLC and Bernita Banks<br>FILE DATE:  02/09/2022<br><br>**12 --** | Plaintiff:  BMC East LLC d/b/a TW Perry<br><br>Defendant:  Bernita Banks; Maid in Paradise Cleaning Services, LLC | Attorney: Shipley, Scott<br><br>Attorney: |
| **22EV000937**<br><br>Stacy Lawson<br>VS.ABC Company,John  Doe<br><br>FILE DATE:  02/10/2022<br><br>**13 --** | Plaintiff:  Stacy Lawson<br><br>Defendant:  ABC Company; Albert  Walton; Federal National Mortgage Association; John Doe | Attorney: Pro Se<br><br>Attorney: Pro Se |
| **22EV000961**<br><br>CAMDEN DEVELOPMENT, INC VS. DEJANEE BYRD<br>FILE DATE:  02/11/2022<br><br>**14 --** | Plaintiff:  CAMDEN DEVELOPMENT, INC.<br><br>Defendant:  DEJANEE BYRD | Attorney: Brooks, Douglas Leon<br><br>Attorney: Pro Se |
| **22EV000972**<br><br>DISCOVER BANK<br>vs.<br>Richard Kalson<br>FILE DATE:  02/12/2022<br><br>**15 --** | Plaintiff:  DISCOVER BANK<br><br>Defendant:  Richard Kalson | Attorney: Collier, Shenika L.<br><br>Attorney: |
| **22EV000979**<br><br>FOLASADE OGBARA<br>VS.THE SANDWICH FACTORY<br>FILE DATE:  02/13/2022<br><br>**16 --** | Plaintiff:  FOLASADE OGBARA<br><br>Defendant:  THE SANDWICH FACTORY | Attorney: FRANCIS, JR, DENNIS C<br><br>Attorney: |
| **22EV000984**<br><br>ANTHONY MCPHAIL VS.CARRINGTON GREEN APARTMENTS,ATLANTIC PACIFIC PROPERTY MANAGEMENT, LLC | Plaintiff:  ANTHONY MCPHAIL<br><br>Defendant:  ATLANTIC PACIFIC PROPERTY MANAGEMENT, LLC; CARRINGTON GREEN APARTMENTS; JOHN DOE CORPORATIONS | Attorney: Bey, N John, Esquire<br><br>Attorney: |



STATE COURT OF FULTON COUNTY
ATLANTA, GEORGIA

## Civil No Service Calendar Division A - Judge Roth

**05/31/2022**

JUDGE:  Roth, Jay M      10:00 AM

---

FILE DATE:  02/11/2022

17 --

| 22EV001009 | Plaintiff:  Wells Fargo Bank, N.A. | Attorney:  RUSSO, ADAM S |
|---|---|---|
| Wells Fargo Bank, N.A.<br>vs.<br>Christopher Frymier, JR | Defendant:  Christopher N Frymier, Jr. | Attorney: |

FILE DATE:  02/15/2022

18 --

| 22EV001073 | Plaintiff:  Cavalry SPV I, LLC, as assignee of Synchrony Bank | Attorney:  Orovitz, Robert |
|---|---|---|
| Cavalry SPV I, LLC, as assignee of Synchrony Bank<br>vs.<br>Cameron Anthony | Defendant:  Cameron Anthony | Attorney: |

FILE DATE:  02/17/2022

19 --

| 22EV001124 | Plaintiff:  DEBORAH MITCHELL | Attorney:  FRANCIS, JR, DENNIS C |
|---|---|---|
| DEBORAH MITCHELL<br>VS.ANDREA MOORE | Defendant:  ANDREA MOORE | Attorney: |

FILE DATE:  02/19/2022

20 --

| 22EV001281 | Plaintiff:  Justin Vines | Attorney:  Hornsby Battle, Kristie, Esquire |
|---|---|---|
| Justin Vines v. Erica Hinz | Defendant:  Erica Hinz | Attorney: |

FILE DATE:  03/01/2022

21 --

| 22EV001310 | Plaintiff:  NORTHSIDE HOSPITAL, INC. | Attorney:  STAMPS, BRENT D. |
|---|---|---|
| NORTHSIDE HOSPITAL, INC.<br>vs.<br>WERNER FOMIN | Defendant:  WERNER FOMIN | Attorney:  Pro Se |

FILE DATE:  03/01/2022

22 --

| 22EV001325 | Plaintiff:  Corine Predelus | Attorney:  HAWKINS, SHELLY |
|---|---|---|



STATE COURT OF FULTON COUNTY
ATLANTA, GEORGIA

**Civil No Service Calendar Division A -
Judge Roth**

05/31/2022
JUDGE:  Roth, Jay M      10:00 AM

---

Corine Predelus

VS.EMS Ventures INC,Global

Medical Response Inc.

FILE DATE:  03/02/2022

23 --

**Defendant:**  American Medical Response
Inc.; Emergency Medical Services Corp; EMS
Ventures INC; Global Medical Response Inc.;
Jason William Guest; John Doe

Attorney:

---

**22EV001372**

Quintavius Render,Amir
Ross

VS.Radiant Property
Management LLC

FILE DATE:  03/02/2022

24 --

**Plaintiff:**  Amir Ross; Deuntae Scott; Lorenzo
Williams; Quintavius Render
**Defendant:**  Radiant Property Management
LLC

**Attorney:** Brandt, Andrew; Brandt, Andrew;
Brandt, Andrew; Brandt, Andrew
Attorney:

---

**22EV001387**

CROWN ASSET
MANAGEMENT LLC
ASSIGNEE OF FIRST
NATIONAL BANK OF OMAHA
vs.
ALAN HARRIS

FILE DATE:  03/03/2022

**Plaintiff:**  CROWN ASSET MANAGEMENT LLC
ASSIGNEE OF FIRST NATIONAL BANK OF
OMAHA
**Defendant:**  ALAN W HARRIS

**Attorney:**  REAGIN, ROY D, Jr.

Attorney:

**State Court of Fulton County**
**\*\*E-FILED\*\***
**22EV001372**
**5/12/2022 11:08 AM**
**Christopher G. Scott, Clerk**
**Civil Division**

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| QUINTAVIUS RENDER, AMIR ROSS, DEUNTAE SCOTT, and LORENZO WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No. |
| v. | ) ) | 22EV001372 |
| RADIANT PROPERTY MANAGEMENT LLC, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF FILING AFFIDAVIT OF SERVICE

COMES NOW Plaintiff and hereby files the attached Affidavit of Service, Exhibit A, on Freedom

Park Apartments through their Registered Agent.

This 12th day of May, 2022.

**JAMES A. RICE, JR., P.C.**

*/s/ Andrew J. Brandt*
Andrew J. Brandt
Georgia State Bar No. 962436
Attorney for Plaintiff

563 Spring Street, NW
Atlanta, GA  30308
404-255-4448

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **QUINTAVIUS RENDER, AMIR ROSS** | ) | |
| **DEUNTE SCOTT and** | ) | **CIVIL ACTION** |
| **LORENZO WILLIAMS,** | ) | **FILE NO: 22EV001372** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| | ) | |
| **V.** | ) | |
| | ) | |
| **RADIANT PROPERTY** | ) | |
| **MANAGEMENT LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### AFFIDAVIT OF SERVICE

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of <u>KYLE HUDSON</u> (Server), who after first being duly sworn, and states:

1. My name is KYLE HUDSON, and I am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above-styled action and am not related to any of the parties.

2. I am a resident of the State of Georgia and a citizen of the United States of America and I am over age twenty-one (21). I have been appointed as a Process Server in the State Court of Fulton County and have been assigned to perfect service of the Summons, Case Filing Information Form, Complaint, Plaintiff's First Request for Admissions to Defendant, Plaintiff's First Interrogatories to Defendant, Plaintiff's Request for Production of Documents and Notice to Produce Documents to Each Defendant and Notice of Leave of Absence upon Freedom Park Apartments.

3. On Tuesday, May 10th, 2022, at approx. 1:15 p.m. at the 289 S. Culver St., Lawrenceville, GA 30046 address, I personally served the Summons, Case Filing Information Form, Complaint, Plaintiff's First Request for Admissions to Defendant, Plaintiff's First Interrogatories to Defendant, Plaintiff's Request for Production of Documents and Notice to Produce Documents to Each Defendant and Notice of Leave of Absence upon Freedom Park Apartments by placing said documents in the hands of a woman (a white female who accepted the service documents, identified herself as Jayne Sheppard, intake specialist for CT Corp, the registered agent).

This 10th day of May 2022

KIMBERLY G. BLACKWELL
Notary Public, Georgia
DeKalb County
My Commission Expires
2/01/26

Sworn to and subscribed before me

This the _____ 10th _____ day of May 2022.

_Kimberly G Bla_

Notary Public, My Commission expires on _2/01/26_

Signature

Kyle Hudson

Printed Name of Process Server

PLAINTIFF'S
EXHIBIT

**A**

State Court of Fulton County
**E-FILED**
22EV001372
5/31/2022 1:29 PM
Christopher G. Scott, Clerk
Civil Division

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

|  |  |  |
|---|---|---|
| QUINTAVIUS RENDER, AMIR ROSS, | ) | |
| DEUNTAE SCOTT, and LORENZO WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | 22EV001372 |
| | ) | |
| RADIANT PROPERTY MANAGEMENT LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION REGARDING SERVICE

COME NOW, Plaintiffs Quintavius Render, Amir Ross, Deuntae Scott, and Lorenzo Williams and Defendant Radiant Property Management, LLC, by and through undersigned counsel. Plaintiff hereby acknowledges timely and proper service of the summons, Plaintiffs' First Complaint, Plaintiffs' First Request for Admissions to Defendant, Plaintiffs' First Interrogatories to Each Defendant, and Plaintiffs' Request for Production of Documents and Notice to Produce Documents to Each Defendant upon said Defendant on May 27, 2022. This acknowledgment is without waiver of any claim or defense of Defendant, aside from inadequacy or insufficiency of process. Furthermore, to the extent any prior service upon Defendant is deemed valid, the Parties stipulate that Defendant's deadline to answer or otherwise respond to the Complaint and discovery shall run from May 31, 2022.

This 31st day of May, 2022.

/s/ T. Brandon Welch
T. Brandon Welch
Attorney for Defendant
GA Bar # 152409

Stillman Welch, LLC
3453 Piece Dr.
Suite 150
Chamblee, GA 30341
404-895-9040
F 404-907-1819
brandon@stillmanwelch.com

/s/ Andrew J. Brandt*_____
*(by  T.  Brandon  Welch,  with  express
permission)
Andrew J. Brandt
Attorney for Plaintiffs
GA Bar # 962436

James A. Rice, Jr., P.C.
563 Spring Street, NW
Atlanta, GA 30308
404-255-4448
andrew@ricefirm.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel for the other parties in the foregoing matter with a copy of this Acknowledgment of Service via the Court's efiling notification system to:

Andrew Brandt, Esq.
James A. Rice, Jr., P.C.
andrew@ricefirm.com

This 31st day of May, 2022.

/s/ T. Brandon Welch
T. Brandon Welch
Georgia Bar No. 152409
Attorney for Defendant